# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JOSE SIGIFREDO AGUIRRE-PALACIOS<br><br>　　　　　　　　　　Defendant. | CASE NO. 11cr3758 JM<br>CIVIL NO. 11cv3199 JM<br><br>ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. §2255 |

On November 28, 2011, pursuant to a plea agreement, Defendant Jose Sigifredo Aguirre-Palacios ("Defendant"), a non-United States citizen, pleaded guilty to one count in the indictment for importation of 16.58 kilograms of cocaine in violation of 21 U.S.C. §§952 and 960. On February 3, 2012, the court sentenced Defendant to 37 months' custody. On or about December 30, 2013, Defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Defendant contends that his Sixth Amendment right to effective counsel was violated when counsel (1) failed to properly advise him of his constitutional rights; (2) incorrectly determined that there was a factual basis for his guilty plea; (3) failed to provide him with an opportunity to allocute at the time of sentencing; and (4) failed to file a notice of appeal. For the reasons set forth below, the court summarily dismisses the Motion.

# DISCUSSION

**28 U.S.C. § 2255 Review**

Claims for relief under 28 U.S.C. § 2255 must be based on a constitutional error, a jurisdictional error, a defect resulting in a miscarriage of justice, or an unfair procedure. 28 U.S.C. § 2255(a); United States v. Timmreck, 441 U.S. 780, 783-84 (1979). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The court does not need to hold an evidentiary hearing or obtain a response from the government. See 28 U.S.C. § 2255; United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

**I. The Statute of Limitations**

A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Here, the judgment became final 10 days after the later of (1) entry of this court's February 8, 2012 judgment or (2) the filing of the government's notice of appeal where the government is entitled to appeal. Fed.R.App.P. 4(b). As the plea agreement prevents the government from pursing an appeal, the court concludes that the judgment became final on March 19, 2012, 10 days after entry of this court's judgment. Consequently, the court dismisses the Motion as time-barred because Defendant filed

the Motion on December 30, 2013, after the statute of limitations had expired.

**II. Waiver**

Defendant waived his right to collaterally attack his sentence. Contract law standards govern the validity of plea agreements. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990). A defendant validly waives his appellate rights if the language of the waiver encompasses his right to appeal on the grounds raised and he knowingly and voluntarily agrees to waive those rights. United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011). A waiver provision barring a defendant from seeking collateral relief under a § 2255 motion is valid and enforceable. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir. 1990) (reasoning the public policy of finality supports upholding waivers in plea agreements). Defendant validly waived his right to collaterally attack his sentence when he executed a plea agreement expressly waiving his right to appeal or to collaterally attack his conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guideline range recommended by the government. The waiver applies because, at sentencing, the court imposed a sentence less than the recommended guideline range recommended by the Government. The record reveals that Defendant's waiver was knowing and voluntary. Accordingly, the court dismisses the Motion.

**III. The Merits**

Defendant's claims also fail on the merits. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must demonstrate that counsel's representation fell below an "objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694.

Here, Defendant fails to demonstrate either deficient performance or prejudice.

The plea agreement establishes the factual basis for the plea, that Defendant was adequately advised and understood his constitutional rights, that there was no basis to file a notice of appeal because he waived his right to appeal, and he was provided with an opportunity to make a statement at the time of sentencing but declined to do so. (Ct, Dkt. 17; RT at p.1:2-9, February 3, 2012). Finally, the court imposed a sentence (37 months) far below the guideline range recommended by the Government (63 - 78 months) after counsel successfully argued in favor of a three-level downward departure in favor of Defendant and for the purpose of avoiding an unwarranted sentencing disparity. Under these circumstances no constitutional error occurred and there is no prejudice.

In sum, the court denies the Motion in its entirety. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: January 13, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc:      All parties